UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: | Case No. 16-49885 |
| BRAD HOWARD AMMONS, | Chapter 7 |
| Debtor. / | Judge Thomas J. Tucker |
| BRIAN M. BUSHEY, et al., | Adv. Pro. No. 16-4971 |
| Plaintiffs, | |
| v. | |
| BRAD HOWARD AMMONS, | |
| Defendant. / | |

**OPINION REGARDING MOTION FOR RECONSIDERATION**

This case is before the Court on the motion entitled "Plaintiffs' Motion for Reconsideration of Court's 'Order Granting Defendant's Motion for Reconsideration (Docket # 28), Granting in Part Defendant's Motion for Dismissal, etc. (Docket # 9), and Dismissing this Adversary Proceeding; and Delaying Entry of Any Discharge of the Defendant Debtor Until at Least March 23, 2017' (Docket # 38]," filed March 22, 2017 (Docket # 41, the "Reconsideration Motion"), which the Court construes as a motion for reconsideration of, and for relief from, the Order filed March 8, 2017 which, among other things, dismissed this adversary proceeding (Docket # 38, the "March 8 Order").

The Court finds that the Reconsideration Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* Local Rule 9024-1(a)(3).

In addition, the Court finds that the allegations in the Reconsideration Motion do not establish any valid ground under Fed. R. Civ. P. 60(b) or Fed. R. Civ. P. 59(e), Fed. R. Bankr. P. 9023, 9024, or any other valid ground for relief from the March 8 Order.

The Court will deny the Reconsideration Motion for the foregoing reasons. And the Court will deny the motion for the following additional reasons.

**First**, the arguments made in the Reconsideration Motion that are based on Rules 19, 20,

and 21 of the Federal Rules of Civil Procedure were not made before the Court entered the March 8 Order. All such arguments, therefore, were waived.

As the United States Court of Appeals for the Sixth Circuit held, in affirming a district court's denial of a motion under Civil Rule 59(e) and motion for reconsideration,

> **It is well-settled that "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued."** *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir.2007). Additionally, reconsideration motions cannot be used as an opportunity to re-argue a case. Furthermore, a party may not introduce evidence for the first time in a motion for reconsideration where that evidence could have been presented earlier. *See, e.g., Sommer* [*v. Davis*], 317 F.3d [686,] 691 [(6th Cir. 2003)]; *CGH* [*Transp. Inc. v. Quebecor World, Inc.*], 261 F.App'x [817,] 824 [(6th Cir. 2008)] (affirming denial of reconsideration and stressing: "It is hard to imagine how an affidavit from one of [plaintiff's] own witnesses would have been previously unavailable to [plaintiff], and [plaintiff] has not explained why it failed to introduce this evidence in opposition to summary judgment.").

*Bank of Ann Arbor v. Everest Nat'l Ins. Co.*, 563 F.App'x 473, 476 (6th Cir. 2014) (emphasis added); *see also In re Madison Heights Grp., LLC*, 506 B.R. 734, 736 (Bankr. E.D. Mich. 2014) and cases cited therein (arguments raised for the first time in a motion for reconsideration are untimely, waived, and forfeited on appeal).

**Second**, the Reconsideration Motion is brought only by the originally-named Plaintiffs in this adversary proceeding ("Plaintiffs"), namely Brian M. Bushey and Deli Direct LLC., neither of which have standing to bring the motion. As these Plaintiffs admitted, through their counsel during the March 8, 2017 hearing, Deli Direct, LLC is a non-existent entity; and Brian Bushey has no valid claims against the Defendant in this adversary proceeding.

**Third**, Fed. R. Civ. P. 21's statement that "[m]isjoinder of parties is not a ground for dismissing an action" does not apply in the situation presented in this case — namely, when the only Plaintiffs who filed this adversary proceeding admittedly have no claim whatsoever against the Defendant. In that situation, Civil Rule 21 does not prohibit dismissal of an action.

**Fourth**, in any event, Plantiffs have not demonstrated that the March 8 Order prejudices the entity Deli Direct Distributing LLC in any way, given the language of paragraph 7 of the March 8 Order. It is merely speculative at this point whether any such prejudice has occurred or will occur.

For all of these reasons, the Court will enter an order denying the Reconsideration Motion.

**Signed on March 28, 2017**                     **/s/ Thomas J. Tucker**
                                                 **Thomas J. Tucker**
                                                 **United States Bankruptcy Judge**

3

16-04971-tjt    Doc 42    Filed 03/28/17    Entered 03/28/17 09:25:56    Page 3 of 3

For all of these reasons, the Court will enter an order denying the Reconsideration Motion.

**Signed on March 28, 2017**                     **/s/ Thomas J. Tucker**
                                                 **Thomas J. Tucker**
                                                 **United States Bankruptcy Judge**